UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| EVANSTON INSURANCE COMPANY, | § | |
|---|---|---|
| SUCCESSOR BY MERGER TO | § | |
| ESSEX INSURANCE COMPANY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-83 |
| | § | |
| LINEAR SHIPPING, INC., *et al*, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER**

Pending before the court is a motion for default judgment filed by plaintiff Evanston Insurance Company ("Evanston"), successor by merger to Essex Insurance Company ("Essex"), against defendants Linear Shipping, Inc., Syed Rabi Ul-Hassan, and Eyad Hasan Odeh ("E. Odeh") (collectively, "Defendants").[1] Dkt. 11. Defendants have not responded to the motion. Having considered the motion and applicable law, the court is of the opinion that the motion should be GRANTED.

**I. BACKGROUND**

Insurer Evanston asks this court for a declaratory judgment that it has no duty to defend or indemnify Defendants, its insured, in a Georgia lawsuit: Cause No. STV 17-01820, styled

---

[1]Evanston filed this motion as a "request for entry of default." Dkt. 11. However, the court construes it as a motion for default judgment. Additionally, although Evanston also sued Mujahed Odeh ("M. Odeh"), Evanston did not move for a default judgment against him. *Id.* at 1 ("The summons to Defendant Mujahed Odeh was returned unserved."). As a result, the outcome of this order does not dispose of the entire case. Therefore, the court ORDERS Evanston to serve M. Odeh within ten days of entry of this order or the court will dismiss this action against him for want of prosecution.

*Dominguez v. Linear* (the "underlying suit"). Dkt. 1 at 3. Evanston insures Defendants' Houston property under a policy issued by Essex (the "policy"). *Id.* at 3.

On November 22, 2017, Defendants notified Evanston of the underlying suit and asked the insurer to defend and indemnify them. *Id.* at 3, 5. That suit arises out of an accident that took place at Defendants' property in Savannah, Georgia. *Id.* at 3. There, "[Linear's former employee] was killed during the course of his work at the premises located at 411 Telfair Road, Savannah, Georgia . . . [which] arose out of the ownership, maintenance, and use of those premises." *Id.* at 9. The employee's family and estate sued Defendants for damages. *Id.* at 3, 5.

On December 5, 2017, Evanston disclaimed coverage for the underlying lawsuit. *Id.* at 5. The policy "limits coverage . . . to bodily injury or property damage arising from the ownership, maintenance[,] or use of premises located at 8303 Southwest Freeway, #700 in Houston, Texas." *Id.* at 9. The policy does not mention the Savannah property. *Id.* The underlying lawsuit only mentions the Houston property as a jurisdictional allegation. *Id.*

On January 10, 2018, Evanston asked this court for an order declaring that, in the underlying suit, Evanston has no duty to: (1) defend Defendants; nor (2) indemnify them. *Id.* at 10. A summons was issued to Defendants the next day. Dkt. 2–5. On January 27, 2018, Evanston served Linear with a true copy of the summons via certified mail, return receipt requested, addressed to its Registered Agent and President, Ul-Hassan. Dkt. 9. On January 30, and 31, 2018, Evanston served E. Odeh, and Ul-Hassan, respectively, in the same manner. Dkts. 8, 10. On April 20, 2018, Evanston filed acknowledgments of service as to Defendants. Dkts. 8–10. Defendants failed to file an answer or otherwise defend the instant suit. The motion is now ripe for disposition.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for

affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Under Rule 55(b)(2), a party may apply for the court to enter a default judgment, and the "court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

A default judgment is a "drastic remedy, not favored by the Federal Rules[,] and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). "The Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver." *Id.* A default judgment, thus, "must be 'supported by well-pleaded allegations' and must have 'a sufficient basis in the pleadings.'" *Wooten v. McDonald Transit Assoc., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Hou. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The well-pleaded allegations in the complaint are assumed to be true, except regarding damages. *Nishimatsu*, 515 F.2d at 1206; *see also United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). However, "the defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu*, 515 F.2d at 1206.

A court may not enter a default judgment against a minor or incompetent person unless the person is represented by a general guardian, conservator, or other like fiduciary who has appeared. Fed. R. Civ. P. 55(b). Additionally, a court may not enter a default judgment if the plaintiff does not file an affidavit regarding the defendant's military status. 50 App. U.S.C. § 521(1). If the defendant is in the military service, "the court may not enter a judgment until after the court appoints an

attorney to represent the defendant." *Id.* § 521(2). Local Rule 5.5 requires that motions for default judgment "be served on the defendant-respondent by certified mail (return receipt requested)." S.D. Tex. L.R. 5.5.

### III. ANALYSIS

The court finds that Evanston served the motion for default judgment on Defendants via certified mail, return receipt requested, as required by the Local Rules. Dkts. 8–10. Evanston has also shown that none of the Defendants are minors, incompetent persons, nor in the military. Dkts. 11-4 (Linear), 11-5 (Ul-Hassan), 11-6 (E. Odeh). Because Defendants failed to plead or otherwise defend, Evanston is entitled to a default judgment. Fed. R. Civ. P. 55(a), (b). Therefore, Evanston's motion for default judgment is GRANTED.

The interpretation of an insurance policy is a question of law. *Guaranty Nat'l Ins. Co. v. N. River Insurance Co.*, 909 F.2d 133, 135 (5th Cir. 1990). "The insured party bears the initial burden of showing that there is coverage, while the insurer bears the burden of showing that any exclusion in the policy applies." *United Nat. Ins. Co. v. Hydro Tank Inc.*, 497 F.3d 445, 447–48 (5th Cir. 2007). "An insurer is obligated only [to defend] . . . those suits which come within policy coverage and is entitled to rely upon the facts as alleged in the underlying petition in making a determination of that obligation." *Cigna Lloyds Ins. Co. v. Kamins*, 924 S.W.2d 206, 209 (Tex. App.—Eastland 1996, no writ).

For the duty to indemnify, "[l]iability is not based solely on the pleadings, but rather on the facts actually established in the underlying suit." *Hydro Tank*, 497 F.3d at 448. "[A]lthough the duty to indemnify is generally not ascertainable until after the insured has been held liable, it is justiciable prior to a finding of liability when the same reasons negating the duty to defend also

4

negate any duty to indemnify." *Lincoln Gen. Ins. Co. v. Aisha's Learning Ctr.*, 468 F.3d 857, 858–59 (5th Cir. 2006).

Here, the motion for default judgment is supported by well-pleaded allegations as to Evanston's request for declaratory relief pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57. Dkt. 1 at 1, 8–10. Because Defendants did not answer, they failed to meet their initial burden of showing that coverage exists as to the Savannah property. *Hydro Tank*, 497 F.3d at 448. Even so, the policy fails to mention that property. Dkt. 1 at 3, 5, 9; *see also N. River*, 909 F.2d at 135.

The underlying suit unambiguously alleges that Defendants' former employee died after an accident at the Savannah property. Dkt. 1 at 9. Because the facts alleged in that suit do not trigger policy coverage, Evanston has no duty to defend Defendants. *See Kamins*, 924 S.W.2d at 209. Further, because Evanston has no duty to defend, it also has no duty to indemnify them, either. *See Aisha's*, 468 F.3d at 858–59. For these reasons, Evanston has shown that it is entitled to a declaratory judgment that it lacks a duty to defend and indemnify Defendants in the underlying suit.

### IV. CONCLUSION

Evanston's motion for default judgment (Dkt. 11) is GRANTED. Therefore, the court ORDERS that:

(1) Evanston has no duty to defend Linear, Ul-Hassan, or E. Odeh in a suit filed against them under Cause No. STV 17-01820, styled *Dominguez v. Linear*; and

(2) Evanston has no duty to indemnify Linear, Ul-Hassan, or E. Odeh with respect to any judgment that may be entered against them and in favor of any of the parties involved in Cause No. STV 17-01820, styled *Dominguez v. Linear*.

The court will enter a final judgment consistent with this order.

Signed at Houston, Texas on June 1, 2018.

_____
Gray H. Miller
United States District Judge